ZEHMER, Judge
(concurring).
Appellant’s complaint for breach of contract was filed before any breach of contract occurred. Under the terms of the contract, appellant is required to deliver a detailed listing of expenses to CRA for its review, and CRA has 60 days thereafter within which to review and pay all the expenses it approves. No breach of this contract provision can occur until the list has been delivered as required, the 60-day period has expired, and CRA has not made payment. Appellant simply attached the listing to the complaint and demanded payment therein without alleging that CRA had previously received the list of expenses and refused to pay. Appellant is not legally entitled to establish a breach of these contract provisions simply by attaching a list of claimed expenses to its complaint and making demand for payment.
Even if appellant may have firmly believed, based on past dealings between these parties, that CRA would not pay any of the listed expenses upon demand for payment, the complaint does not allege facts sufficient to establish an anticipatory breach on the part of CRA.
Because the complaint failed to allege delivery of the list of expenses and nonpayment within 60 days thereafter, the trial court was left with no choice but to rule that this lawsuit was prematurely filed. This contractual requirement is not the character of condition precedent that may *166 be generally pleaded pursuant to rule 1.120(c), Florida Rules of Civil Procedure.
With this explanation of my reasons for agreeing to affirm, I concur in the court’s opinion.